Amy Kashiwabara (State Bar No. 210562)
Email: amy@amykashiwabara.com
MOSER LAW CO.
28 2nd Street, Suite 3127
San Francisco, California 94105
Telephone: (415) 969-5774
Facsimile: (404) 537-5340

Theresia Moser (*pro hac vice to be filed*)
Email: tmoser@moserlawco.com
MOSER LAW CO.
112 Krog Street N.E., Suite 26
Atlanta, Georgia 30307
Telephone: (404) 537-5339
Facsimile: (404) 537-5340

ATTORNEY FOR DEFENDANTS
BANK OF AMERICA, N.A. and
BANK OF AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRICE DANIELS,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>    Defendants. | Case No. 3:17-cv-3422<br><br>NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT<br><br>[28 U.S.C. §§ 1332, 1441(b) and 1446] |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendants Bank of America, N.A. and Bank of America Corporation ("Defendants") in the action entitled *Latrice Daniels v. Bank of America, N.A. and Bank of America Corporation*, Case No. HG17858826, in the Superior Court of the State of California for the County of Alameda (the "Action"),[1] hereby remove the Action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.  The grounds for removal are set forth below.

### Jurisdiction

This Court has original jurisdiction of this action under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### Assignment Within District

Plaintiff filed the Action in the Superior Court of California for the County of Alameda. Therefore, the Action may properly be removed to the Northern District of California.  28 U.S.C. § 1441(a).  Pursuant to Local Rule 3-2(d), this case should be assigned to the San Francisco Division or the Oakland Division.

### Compliance with Statutory Requirements

1.     On or about May 2, 2017, Plaintiff Latrice Daniels ("Plaintiff") commenced this action by filing a Complaint for Damages in the Superior Court of the State of California for the County of Alameda, Case No. HG17858826, captioned *Latrice Daniels v. Bank of America National Association; Bank of America Corporation and DOES 1 through 50, inclusive* ("Complaint").   Plaintiff seeks to recover damages for alleged: (1) discrimination based on disability; (2) failure to prevent unlawful discrimination; (3) retaliation; (4) failure to accommodate disability; (5) failure to engage in the interactive process; and (6) wrongful termination.  Plaintiff's

---

[1] On May 22, 2017, Plaintiff filed a Request for Dismissal seeking to dismiss Bank of America Corporation (attached as Exhibit 3).  As of this filing, the Superior Court had not yet entered the dismissal.  As Plaintiff filed her request for dismissal before any answer or motion by Defendants, Defendants will seek dismissal of the action against Bank of America Corporation under Rule 41(a)(1)(A).

Complaint seeks compensatory economic and non-economic damages, punitive damages, pre-judgment interest, injunctive relief, and costs and attorneys' fees.

2.    Defendants were served with the Complaint on or about May 15, 2017.

3.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of the following are attached:

    a.    Exhibit 1 is a true and correct copy of the Service of Process Transmittals received by Defendants, including the Summons, Civil Case Cover Sheets, and Complaints;

    b.    Exhibit 2 is a true and correct standalone copy of the Complaint for the Court's convenience;

    c.    Exhibit 3 is a true and correct copy of the Request for Dismissal filed by Plaintiff on May 22, 2017, dismissing Bank of America Corporation.

The attached exhibits are a complete copy of all process, pleadings, and orders served on Defendants in the Action to date.

4.    Removal of the Action is timely because it is within 30 days after Defendants were served with the summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1).

5.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Alameda.

**Diversity of Citizenship**

6.    The parties to this action are citizens of different states, and were citizens of different states at the time the action was commenced.

7.    Plaintiff was, at the time of the filing of this action, and still is, a citizen of the State of California.

8.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Defendant Bank of America, N.A., at the time of the commencement of the Action and of the filing of this Notice, was and is a citizen of the State of North Carolina (principal place of business and main office) and as a National Association was formed under the laws of the

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
- 3 -

United States.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (national bank is citizen of the State in which it has its main office); *see also Barrow Dev. Co., Inc. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (allegation of corporate citizenship that discloses "both the state of incorporation and the location of the corporation's principal place of business" satisfies the removal statute's requirement of a "short and plain statement of the facts").  Defendant Bank of America Corporation is incorporated under the laws of Delaware and has its principal place of business in North Carolina.  Defendants are not, and were not at the time of commencement of the Action, citizens of California.

9.    Plaintiff also named 50 "Does" as defendants in this litigation.  However, "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

10.    The Action is therefore brought between citizens of different states under the definition of 28 U.S.C. § 1332.

**Amount in Controversy**

11.    For removal to be proper, the amount in controversy in the Action, exclusive of interest and costs, must exceed the sum of $75,000 as required by 28 U.S.C. § 1332(a).

12.    Plaintiff did not specifically allege the amount in controversy in her Complaint.  *See* Ex. 2, Compl. ¶ 9 ("The amount of controversy in this matter *exceeds* the sum of $25,000.00 exclusive of interest and costs." (emphasis added)).

13.    Where, as here, the allegations in a complaint do not explicitly demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing defendants need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14.    The amount in controversy is the "amount at stake in the underlying litigation," including any result of the litigation, excluding interests and costs, that "entails a payment" by the defendant."  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citation and internal punctuation omitted).

15. Thus, the jurisdictional determination is based on the Court's estimation of the total sum that would be payable to the Plaintiff if she prevailed on all claims for the various forms of relief sought in the Complaint, including compensatory damages, punitive damages, equitable relief, and attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007).

**Back Pay Damages**

16. In five separate causes of action, Plaintiff alleges that she "has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary loss." *See* Ex. 2, Compl. ¶¶ 24, 29, 36, 46, 51.

17. When Plaintiff's employment was terminated on November 3, 2015, she was earning $43,076.80 per year, or approximately $828.40 per week.

18. Plaintiff filed this action on May 2, 2017, which is 78 weeks after her employment was terminated. Thus, at the time of filing, Plaintiff's alleged damages for back pay are approximately $64,615.20 (78 * $828.40). Plaintiff's alleged lost wages will reach the jurisdictional minimum by approximately August 1, 2017.

19. It is therefore more probable than not that, should Plaintiff prevail in this action, though Defendants deny she is entitled to any relief, her claim for back pay damages alone would satisfy the jurisdictional minimum. *See, e.g., Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1292 (9th Cir. 2001) (reinstating compensatory damages award of $93,000 to FEHA disability discrimination plaintiff who earned $39,000 per year).

**Non-Economic Damages**

20. In five separate causes of action, Plaintiff alleges that she "has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue and anxiety." *See* Ex. 2, Compl. ¶¶ 24, 29, 36, 46, 51.

21. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

22. In FEHA discrimination cases, verdicts in favor of plaintiffs routinely exceed the jurisdictional minimum. *See, e.g., Trulsson v. Cty. of San Joaquin Dist. Attorney's Office*, 49 F. Supp. 3d 685, 698 (E.D. Cal. 2014) (approving jury award of $1,546,326 for emotional distress to FEHA plaintiff based on plaintiff's "disappointment that her career ended before she anticipated it would end."); *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 760 (2011) (affirming $1,571,500 judgment in favor of FEHA disability discrimination plaintiff).

23. Accordingly, though Defendants deny she is entitled to any relief, Plaintiff's claims for non-economic damages satisfy the amount in controversy requirement, both individually and in conjunction with her other claimed damages.

**Attorneys' Fees**

24. In four separate causes of action, Plaintiff alleges she "has employed and will continue to employ attorneys for the initiation and prosecution of this action," and that she "has incurred and will continue to incur attorney's fees and costs," for which she alleges she is entitled to an award of attorney's fees and costs under the Fair Employment and Housing Act ("FEHA"). *See* Ex. 2, Compl. ¶¶ 25, 30, 37, 47.

25. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002)). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Id.*

26. As the Court observed in another discrimination case, "Although attorneys' fees cannot be precisely calculated, maintaining a [] discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at 1035. In other words, "[e]ven a minimal award of attorney's fees would cause the amount in

controversy to exceed the jurisdictional minimum." *Cain*, 890 F. Supp. 2d at 1250. Some FEHA plaintiffs have recovered far more than the jurisdictional minimum. *See, e.g., Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 430 (2007) (affirming attorney fee award of $978,791 to FEHA plaintiff).

27. Accordingly, though Defendants deny she is entitled to any relief, Plaintiff's claims for attorneys' fees satisfy the amount in controversy requirement, both individually and in conjunction with her other claimed damages.

### Conclusion

28. Plaintiff's Complaint seeks general damages, special damages, compensatory damages, and attorneys' fees, all in unspecified amounts. *See* Ex. 2, Compl., Prayer for Relief.

29. Given the claims and allegations in this case, if Plaintiff were to prevail at trial, it is more likely than not that her alleged damages would exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a).

30. Based on the foregoing, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California for the County of Alameda.

Dated: June 13, 2017                                    MOSER LAW CO.


                                                       By: */s/ Amy Kashiwabara*
                                                       Amy Kashiwabara

                                                       Attorney for Defendants
                                                       BANK OF AMERICA, N.A. AND
                                                       BANK OF AMERICA CORPORATION

## PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT with the Clerk of Court using the electronic filing system and served a copy by U.S. Mail to the following counsel of record:

Anna Costa
Law Office of Anna Costa
758 Flume Court
San Leandro, California 94578

Dated: June 13, 2017                    MOSER LAW CO.


                                        By: /s/ Amy Kashiwabara
                                            Amy Kashiwabara

                                        Attorney for Defendants
                                        BANK OF AMERICA, N.A. AND
                                        BANK OF AMERICA CORPORATION